IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Marvin Jermaine Moody,<br>    Petitioner, | )<br>)<br>) |
| v. | )     1:12cv463 (GBL/TRJ) |
| | ) |
| Director, Department of Corrections,<br>    Respondent. | )<br>) |

MEMORANDUM OPINION

Before the Court is respondent's Motion to Dismiss filed on September 26, 2012. Marvin Jermaine Moody, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. For the reasons that follow, respondent's Motion to Dismiss will be granted.

**I. Background**

A. Convictions and Direct Appeals

On February 3, 2009, petitioner pled guilty to possession of a firearm by a convicted felon in the Circuit Court of the City of Richmond, Virginia. R. No. CR-08-F-0953. Petitioner was sentenced to five years with all five years suspended on the conditions that he submit to DNA testing, comply with supervised probation, and undergo substance abuse assessment. Id. Petitioner's suspended sentence was revoked on October 5, 2011 after the Richmond Circuit Court found he was in violation of his probation by failing to maintain contact with his probation officer and for being arrested for burglary. R. No. CR08-F-0953-01.

Petitioner filed a notice of appeal of the revocation on September 28, 2011 in the Court the Appeals of Virginia, which found that the evidence was sufficient to support the revocation and denied the appeal on July 25, 2012. R. No. 1927-11-2. Petitioner appealed the denial on

August 24, 2012 to the Supreme Court of Virginia, which refused the petition on February 11, 2013. R. No. 121456.

B. Habeas Corpus

Petitioner filed a petition for writ of habeas corpus in the Supreme Court of Virginia on October 4, 2011 raising the following claims:

    (a) Ineffective Assistance of Counsel in connection with the 2009 plea agreement;

    (b) Denial of Due Process: that his rights were violated during his 2009 trial because counsel failed to advise him of known facts that were not accurate in the plea agreement; and

    (c) Denial of Due Process: that his rights were violated at his 2011 probation revocation proceeding because of the unlawfulness of his underlying conviction.

R. No. 111757. On April 3, 2012, the Supreme Court dismissed the petition, finding that claims (a) and (b) were barred as untimely and that claim (c) was procedurally barred under the rule in Slayton v. Parrigan, 205 S.E.2d 680, 682 (1974) because it could have been raised at trial and on direct appeal.[1] Id.

Petitioner filed the instant federal petition for writ of habeas corpus on April 25, 2012 raising the following claims:

    (a) Ineffective Assistance of Counsel: that counsel negotiated the 2009 plea under an "invalid statute" and failed to advise him that he was pleading guilty to a charge that was amended to allege a prior felony more than ten years previous; that counsel did not explain that a suspended sentence could later be imposed; and

    (b) Denial of Due Process: that the five-year sentence he received in September 2011 was higher than the maximum sentence he could have received in 2009, which was three years.

In an Order dated April 30, 2012, the Court found that the petition was barred by the applicable statute of limitations, 28 U.S.C. § 2244(d). Petitioner was directed to show cause why the

---

[1] Petitioner also filed a writ of coram nobis in the Richmond Circuit Court on October 13, 2011, which was dismissed on January 24, 2012. CR08-F-0953.

petition should not be dismissed as untimely by either (1) contesting the application of the one-year limitations period or (2) establishing that he is entitled to equitable tolling. Petitioner responded to the Order on May 17, 2012 and argued that the one-year statute of limitations should not apply because his conviction on February 3, 2009 was used to enhance the sentence imposed following his conviction for violating probation on September 22, 2011. The Court found that the statute of limitations applied because "[i]f . . . a prior conviction used to enhance a . . . sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant . . . may not collaterally attack his prior conviction" in a § 2254 habeas petition. Lackawanna Dist. Att'y v. Coss, 532 U.S. 394, 402 (2001) (citing Daniels v. United States, 532 U.S. 374, 383 (2001)). Accordingly, the petition was dismissed.

Petitioner submitted a Motion for Reconsideration pursuant to Fed. R. Civ. P. 60(b), arguing that he was not aware of the claims underlying the present habeas petition until his probation was revoked on September 22, 2011. The Court found that petitioner had raised doubt regarding the Court's initial assessment of the applicable dates in the statute of limitations calculation. Therefore, it granted the Motion for Reconsideration and served the petition on August 2, 2012. Respondent filed a Rule 5 Answer and Motion to Dismiss on September 25, 2012 and advised petitioner of his right to file responsive materials, as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Civil Rule 7(K). Petitioner filed replies on October 12 and 19, 2012.

## II. The Petition is Time-Barred

Respondent's Motion to Dismiss will be granted because the petition is time-barred. A petition for a writ of habeas corpus must be dismissed if filed later than one year after (1) the

3

judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)–(D).

Petitioner claims that the February 3, 2009 conviction was used to enhance the sentence imposed after his September 2011 conviction for violating his probation. However, respondent argues correctly that petitioner is in custody pursuant to a probation violation arising from his 2009 conviction. Br. Supp. Mot. Dismiss ¶ 10, ECF No. 12. Therefore, the Court's initial finding that the petition is time-barred was correct. Petitioner pled guilty on February 3, 2009, in the Circuit Court for the City of Richmond, Virginia. Thus, his conviction became final on March 5, 2009, the date on which the time for filing an appeal to the Court of Appeals of Virginia expired. See Va. Sup. Ct. R. 5A:6. Petitioner therefore had one year, or until March 5, 2010, to file a timely federal habeas petition unless the pendency of a properly filed application for state post-conviction relief or other state collateral relief tolled the running of the limitations period. See 28 U.S.C. § 2254(d)(2); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (determining that the definition of "properly filed" state collateral proceedings, as required by § 2244(d)(2), is based on the applicable state law as interpreted by state courts).

In this case, petitioner did not commence his first state post-conviction proceeding until October 4, 2011, when he filed a state habeas petition in the Virginia Supreme Court. By that time, approximately two and one-half years had elapsed since petitioner's conviction became final, so the federal statute of limitations had expired and the pendency of the state habeas proceeding could not toll the federal limitations period. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations

4

period that has ended before the state petition was filed."); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (holding that a state post-conviction motion filed after expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled); Rashid v. Khulmann, 991 F. Supp. 254, 259 (S.D.N.Y. 1998) ("Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations."). Accordingly, this petition is untimely under § 2244(d), unless petitioner establishes that the statute of limitations does not apply or should otherwise be tolled.

### III. Petitioner is Not Entitled to Equitable Tolling

Petitioner argues that he is entitled to equitable tolling because he was not aware of the claims underlying the present habeas petition until his violation of probation proceeding in September 22, 2011. However, it is clear that the "factual predicate of the claim or claims could have been discovered" or were known to the petitioner at the time of his 2009 conviction.

Petitioner's arguments—that he was not aware of the amendment to his indictment, that he was charged pursuant to an invalid statute, and that he did not know the suspended five-year sentence could later be imposed—are without merit. Virginia Code § 18.2-308.2, which prohibits convicted felons from possessing firearms, provides that any "person who violates this section . . . and who was previously convicted of any other felony within the prior 10 years shall be sentenced to a mandatory minimum term of imprisonment of two years." Respondent explains that "by virtue of the plea bargain negotiated by his counsel, the prosecution agreed [to] amend the indictment so that the petitioner was not charged with a prior felony within 10 years, thus relieving the petitioner of a mandatory two-year sentence . . . ." Br. Supp. Mot. Dismiss ¶ 19. Petitioner was given notice in writing and orally in open court that he was pleading to firearm possession with a felony conviction more than ten years previous. Id. ¶¶ 21–23; R. No.

5

CR08-F-0953-01 (Plea Tr. 3, 8–9). Furthermore, the judge explained during the plea colloquy that petitioner's sentence would be suspended upon the conditions that he be of good behavior and obey the laws of the Commonwealth. R. No. CR08-F-0953-01 (Plea Tr. 9). Most important, petitioner acknowledged his understanding of these terms and his agreement with them at the plea colloquy. Plea Tr. 8; see Beck v. Angelone, 261 F.3d 377, 396 (4th Cir. 2001) (holding that a defendant is bound by his representations at a plea colloquy). Respondent is correct that "only after his subsequent violation of probation triggered the revocation [did petitioner seek] to abrogate the agreement by falsely claiming he did not know its terms." Br. Supp. Mot. Dismiss ¶ 27, ECF No. 12. Petitioner clearly understood the terms of the plea agreement and of the statute—including that he could receive a maximum sentence of five years, not three years—in 2009. Therefore, he knew or could have discovered the factual predicates of his claims at that time, and his petition is untimely.

## IV. Conclusion

For the above-stated reasons, respondent's Motion to Dismiss will be granted. An appropriate order shall issue.

Entered this 25th day of February 2013.

Alexandria, Virginia

6